Victor L. Hunt / State Bar No. 10289700
Legal Aid of NorthWest Texas
1515 Main Street
Dallas, TX 75201
Tel.: (214) 243-2231
Fax: (214) 748-1159
huntv@lanwt.org
Attorney for Hillcrest Union *et.al.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CC HILLCREST LLC | ) | |
| | ) | Case No. 22-31362-SWE-11 |
| | ) | |
| Debtor | ) | Chapter 11 |
| | ) | |

_____

| | | |
|---|---|---|
| HILLCREST UNION, KENNETH D. MIHM, | ) | |
| RODERICK WILLIAMS, and | ) | |
| ANDRE DEON MCGILVERY, | ) | |
| | ) | HEARING DATE: |
| Movants | ) | |
| | ) | |
| v. | ) | DATE: |
| | ) | |
| CC HILLCREST, LLC, | ) | |
| | ) | |
| Respondent | ) | |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY
SOUGHT BY THE HILLCREST UNION, KENNETH D. MIHM,
RODERICK WILLIAMS, AND ANDRE DEON MCGILVERY**

**NOTICE – RESPONSE REQUIRED**

**PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(b), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT EARLE CABELL U.S. COURTHOUSE, 1100 COMMERCE STREET, IN ROOM 1254,**

**DALAS, TX 75242-1496 BEFORE CLOSE OF BUSINESS, SEPTEMBER 8, 2022, WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF. A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE. ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.**

**HEARING PARTICIPANTS ARE NOTIFIED THAT ABSENT COMPELLING CIRCUMSTANCES, EVIDENCE PRESENTED AT PRELIMINARY HEARINGS IN THE DALLAS DIVISION ON MOTIONS FOR RELIEF FROM THE AUTOMATIC STAY WILL BE BY AFFIDVIT ONLY. THE PARTY REQUESTING THE HEARING MUST SERVE EVIDENTIARY AFFIDAVITS AT LEAST 7 DAYS IN ADVANCE OF SUCH HEARING; THE RESPONDING PARTY MUST SEVRE EVIDENTIARY AFFIDAVITS AT LEAST 48 HOURS IN ADVANCE OF SUCH HEARING.**

COMES NOW the Hillcrest Union, Kenneth D. Mihm, Roderick Williams, and Andre Deon McGilvery, ("Movants"), parties in the above named and numbered cause, who hereby Move that this Court grant them relief from the automatic stay, in this cause, so that they may continue to pursue their interests in litigation currently before the 44th District Court of Dallas County Texas, specifically the *CITY OF MESQUITE* v. CC HILLCREST, LLC *et. al.,* cause no. DC-22-01764, as soon as possible. In support of this Motion, the Movants would respectfully show the Court as follows:

### Jurisdiction and Venue

1. Debtor filed a voluntary Chapter 11 bankruptcy on July 29, 2022

2. The Court has jurisdiction over this matter pursuant to 11 U.S.C. §362, 28 U.S.C. §§ 157 and 1334, and the Federal Rules of Bankruptcy Procedure 4001. This is a core proceeding.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1408 because Debtor states that its principal place of business is located at 2019 Hillcrest St., Mesquite, TX 75149.

### Background

4. The Debtor, CC Hillcrest, LLC, is the owner of an apartment complex located at 2019 Hillcrest St., Mesquite, TX 75149 ("the Property").

5. Movant, Kenneth D. Mihm, ("Mr. Mihm"), a creditor in this cause, leases and resides in apartment no. 1012 at Debtor's Property, located at 2005 Hillcrest St., Mesquite, TX 75149. Mr. Mihm is a disabled person and lives on a fixed-income.

6. Movant, Roderick Williams, ("Mr. Williams"), a creditor in this cause, leases and resides in apartment no. 2030 at Debtor's property, located at 2007 Hillcrest St., Mesquite, TX 75149. Mr. is a disabled person and lives on a fixed-income.

7. Movant, Andre Deon McGilvery ("Mr. McGilvery"), a creditor in this cause, whose family resides in apartment no. 112 at Debtor's Property, located at 2105 Hillcrest St., Mesquite, TX 75149.

8. The Movant, Hillcrest Union, a creditor in this cause, is a nonprofit association authorized by Section 252.007 of Texas Business Organization Code. Its members consist of tenants and their families that reside at Debtor's Property, which include Mr. Mihm, Mr. Williams and Mr. McGilvery. The purpose of the Association is to advocate on behalf of the tenants that reside at Debtor's Property in addressing the collective concerns facing the association members, including obtaining needed repairs, preventing permanent displacement, and assuring their interests are addressed in any litigation with the Debtor. Hillcrest Union members have residential leases with the Debtor.

9. On February 14, 2022, The City of Mesquite, a party in this cause, filed an Original Petition against the Debtor in the 44th District Court for Dallas County, Texas, cause no. DC-22-01764, styled the *CITY OF MESQUITE* v. CC HILLCREST, LLC *et. al.*("State Court Action"). The litigation in the State Court Action arises out of

the failure of the Debtor to remedy the violations of the City of Mesquite Municipal Code and address the complaints of the residents at Debtor's Property. A copy of the City of Mesquite's Original Petition is attached as Exhibit A to its' *Amended Motion to Determine Applicability of the Automatic Stay Pursuant to 11 U.S.C. §362(b)(4) or in the Alternative for Relief from Automatic Stay*, Docket No. 79 ("City's Motion").

10. An Agreed Temporary Injunction was entered in the State Court Action on April 6, 2022, between the Debtor and the City of Mesquite. Said Injunction specified an extensive list of violations of the City's Municipal Code, and set a dead line of June 10, 2022 for remediation of said violations. A copy of the Agreed Temporary Injunction is attached as Exhibit B to the City's Motion.

11. The Movants, the Hillcrest Union, Kenneth D. Mihm, and Roderick Williams collectively filed an Original Petition of Intervention as Plaintiff Intervenors in the State Court Action on June 1, 2022. Movant Andre Deon McGilvery was added as a Plaintiff Intervenor in the State Court Action in Intervenors' Amended Petition of Intervention filed July 14, 2022. All the Movants are collectively represented by Legal Aid of NorthWest Texas in this cause and the State Court Action. A copy of the *Intervenor's Amended Petition of Intervention* is attached herein as their Exhibit A.

12. The City of Mesquite's and Movants' petitions for remedies in the State Court Action arise out of Debtor's inability and indifference to maintain habitable conditions or otherwise completely repair and remedy conditions at the Debtor's Property that materially affect the health, safety, and welfare of the tenants living at Debtor's Property.

13. The City's Motion at pages 4 to 9, paragraph 8, details 741 violations of its' municipal codes that were discovered after City inspectors conducted a survey of the Property during the week of June 13th, 2022. This was after the June 10th deadline agreed to by the Debtor, in the above referenced Agreed Temporary Injunction, to remediate similar violations. The detailed violations included in part:

   a. Thirteen (13) failures to maintain the structure from holes, cracks and other defects reasonably capable of causing injury to a person … ; City's Motion P. 5, par. 8.g.;

   b. Ninety-Six (96) failures to repair holes, cracks, breaks and loose surface materials that are a health or safety hazards …; City's Motion P. 5, par. 8.i.;

   c. Five (5) failures to provide or maintain a device to supply hot water of a constant minimum temperature … ; City's Motion P. 6, par. 8.p.;

   d. Twenty-One (21) failures to maintain in working order a kitchen sink, bath tub, or shower and lavatory … ; City's Motion P. 7, par. 8.q.;

   e. Forty-One (41) failures to provide and maintain air conditioning equipment capable of maintaining a maximum inside temperature … ; City's Motion P. 7, par. 8.s.;

   f. Twenty (20) failures to provide and maintain electrical circuits and outlets sufficient to safely carry a load imposed by a normal use of appliances … ; City's Motion P. 7, par. 8.t.;

   g. Ninety (90) failures to maintain all electrical, heating, plumbing, heating, cooking, refrigeration and other facilities supplied by the landlord in good working condition … ; City's Motion P. 8.u.;

    h. Fifty-Seven (57) failures to interior structure or portion of structure free from insects, rodents and vermin … ; City's Motion P. 8, par. 8.y.; and

    i. Seventy-Four (74) failures to remediate and or remove substances baring the appearance of mold … . City's Motion P. 8-9, par. 8.bb.

14. The City's Motion states further that "The Property is currently in violation of the Mesquite City Code." City's Motion P. 9, par. 9.

15. Based upon information and belief, Movants state that Debtor purchased the Property using federal funds monitored by the Dept. Of Housing and Urban Development ("HUD") and the Internal Revenue Service ("IRS"). The HUD ID number for Debtor's Property is TXA20069002.

16. As such, Debtor is required to use HUD provisions in leases with all tenants, including the delivery of Lease Addendums that note federal guidelines and explain a tenant's legal rights. These provisions explain additional eviction protections; notice requirements prior to lease terminations or renewals; twenty-four-hour notice before entering or inspecting an apartment; and minimum property standards.

17. Additionally, according to information monitored by the National Low Income Housing Coalition database, which collects and freely provides information on programs like the Low-Income Housing Tax Credit ("LIHTC") program, as of 2021, Debtor's Property is a participant of the LIHTC program, which is monitored by the Texas Department of Health and Community Affairs ("TDHCA").

18. As a Low-Income Tax Credit Program participant, Debtor must comply with TDHCA minimum requirements for participants of the LIHTC program. This includes compliance with either (a) the local health, safety, and building codes (or

other habitability standards) or (b) the Uniform Physical Conditions Standards (UPCS) (24 C.F.R. section 5.703) to inspect the project, but not in combination. The UPCS does not supersede or preempt local codes.

19. During his initial walkthrough of prior to leasing his apartment, Mr. Mihm noted a lack of consistent central air conditioning. Like many of his neighbors, after waiting in intolerable Texas temperatures, Mr. Mihm purchased his own window unit. Debtor's agents stated that that there would be a charge for its continuous use. Debtor's agents permitted continuous use of the unit without charge only after Mr. Mihm submitted a reasonable accommodation request under State and federal law.

20. More than eight years after his initial move-in, Mr. Mihm's central air conditioning is still inoperable.

21. Mr. Mihm also complained to Debtor's agents of the presence of mold. Black specks are visibly apparent throughout the interior and exterior of his air ducts, scuttle door, and bathroom. Maintenance on August 23, 2022 attempted to clean his ducts but did not test for mold or completely clean all surfaces.

22. Additionally, Mr. Mihm does not have, nor was he ever supplied with, a sliding door security bar to the exterior sliding door of his rental unit.

23. Further, despite multiple requests for repair, Mr. Mihm is plagued with a pest infestation that forces him to remove all food from his cabinetry. Mr. Mihm utilizes individual plastic storage bins or containers to protect his necessities.

24. As of August 24, 2022 Mr. Mihm continues to have problems with his, AC, roaches, electric power in half his apartment, widow seal leaking, exposed wires and a ceiling leak in his bathroom.

25. Although Mr. Mihm could go to a Motel, he cannot prepare meals there and due to limited income cannot afford take out. His disability prevents him from traveling back and forth between the two locations.

26. Mr. Williams does not have hot water that reaches the minimum temperature of 120 degrees Fahrenheit, nor does he have working central air conditioning.

27. Additionally, Mr. Williams complained of a raw sewage discharge in close proximity to his apartment.

28. On April 25, 2022, Mr. Williams delivered written repair requests by registered mail regarding a lack of hot water, broken air conditioning, sewage discharge, plumbing leaks, mold infestation, roach and insect infestation, and damaged mailboxes. As of August 24, 2022 Mr. Williams still does not have a functioning dish washer or air conditioning. Maintenance painted over but has not removed mold from his apartment.

29. Mr. Williams could go to a Motel, but cannot prepare meals there. He receives Social Security Supplemental income of $861 a month and cannot afford not to cook.

30. Mr. McGilvery has mold infestation, cracks and holes in the walls and windows, and leaks in his apartment.

31. On May 10, 2022 and on June 17, 2022, Mr. McGilvery delivered written repair requests by registered mail regarding the mold infestation, cracks and holes in the walls and windows, and leaks, as well as other conditions in the apartment. Debtor did not respond to his requests, nor have it made diligent efforts to make repairs.

32. On August 4, 2022 Mr. McGilvery notified Debtor's agents that brown water was coming out of his facets in his apartment. Although Debtor's agents sent Mr.

McGilvery emails that repairs had been made, as of August 24, 2022 water coming out of his facets is still brown.

33. Although Mr. McGilvery understands his family can stay at a Motel, they cannot prepare meals there and his family does not have the income to eat out.

34. Movants have a landlord-tenant relationship with Debtor. There are multiple conditions on the leased Property that materially affect the physical health or safety of Movants, as set forth above. Teddi Beard on behalf of the Hillcrest Union found that issues with maintenance and repairs are common and systemic and not just limited to a small number of residents. After a survey of 93 units at Debtor's property this past summer common issues were mold, lack of working air conditioning, problems with plumbing, sewage and vermin infestation. Also, resident at Debtor's property had problems accessing reasonable accommodations. Ms. Beard has had to seek assistance from Legal Aid and the City of Mesquite to gain access to alternate housing. After Ms. Beard testified August 9, 2022, in thes bankruptcy court proceeding, Debtor wrongly locked her out of her apartment and removed her possessions

## **Argument**

35. Movants have just cause to seek relief from the automatic stay in order to enforce their rights in the State Court Action pursuant 11 U.S.C. § 362(d)(1).

"Cause" is a broad concept that is intentionally flexible so that courts may respond to different or unique circumstances. *Mooney v. Gill,* 310 B.R. 543, 546-547 (N.D.

Tex. 2002) ( *quoting In re Sentry Park, Ltd.,* 87 B.R. 427, 430 (W.D. Tex. 1988).

"[T]he granting of relief from the automatic stay is left to the discretion of the Bankruptcy Court and decided on a case by case basis." *In re Fowler*, 259 B.R. 856, 858 (Bankr. E.D. Tex. 2001); *see also Holtkamp v. Littlefield (In re Holtkamp),* 669 F.2d 505, 507 (7th Cir.1982) In determining whether cause exists, courts have considered factors such as the relative hardship to the parties and a debtor's good faith or lack thereof. E.g., *In re Fowler*, 259 B.R. 856, 860 (Bankr.E.D.Tex.2001); Mooney v. Gill, 310 B.R. 543, 545–46 (N.D. Tex. 2002); In re Mantachie Apartment Homes, LLC, 488 B.R. 325, 331 (Bankr. N.D. Miss. 2013); *Little Creek Dev. Co. v. Commonwealth Mtg. Corp. (In re Little Creek Dev. Co.),* 779 F.2d 1068, 1072 (5th Cir.1986).

As stated above and attested to in the attached affidavits, the Debtor has failed to repair multiple health and safety conditions and has stopped responding to Movants' and other tenants' requests for repairs. Since Debtor filed for bankruptcy, tenants such as Mr. McGilvery and Mr. Williams have gone several days without working air conditioning. Mr. McGilvery has not had potable water in his unit since early August. Their requests for repairs have been either been ignored, or Debtor's agents have misrepresented that the repairs were made. Debtor has duties under the Mesquite City Code, the Texas Property Code, the TDHCA and federal regulations to maintain certain utility, property, and residential standards. Debtor has not acted in good faith. Debtor has breached its duties by not adhering to recognized standards established by State and federal regulations and local ordinance by failing to repair or remedy conditions materially affecting the Physical health and safety of the Movants and ordinary tenants residing at Debtor's Property.

36. Movants are low-income tenants with few housing options or resources. The failure of the Debtor to correct deficient conditions to their homes causes irreparable harm for which there is no adequate remedy in Debtor's bankruptcy.

### **Relief Requested**

37. The City's Motion seeks authority for the City of Mesquite to pursue a full range of remedies to compel the compliance of the Debtor with the City's Code in the State Court Action. Movants as intervenors in the State Court Action seek the ability to enforce the Debtor's obligations, to them, on their own behalf.

38. Movants request relief from the automatic stay to pursue remedies in the State Court Action provided under Section 92.056(e) of the Texas Property Code, HUD and USPCS regulations. The Movants seek an order directing the Debtor to take reasonable action to repair or remedy the conditions specified above. If Debtor fails to provide timely remediation, Movants seek an order in the State Court Action providing a rent reduction in proportion to the reduced rental value of their homes.

39. Movants collectively seek relief from the automatic stay in this cause so that they can request a declaration in the State Court Action that the Agreed Temporary Injunction, any other agreement between Debtor and the City, does not waive, delay, modify, or nullify Debtor's legal obligations to Movants under the Texas Property Code, HUD and USPCS regulations.

40. Movants collectively seek relief from the automatic stay in this cause so that they can request a declaration in the State Court Action that the Agreed Temporary Injunction, any other agreement between Debtor and the City, does not waive, delay, modify, or nullify Debtor's legal obligations to Movants under the Texas Property Code, HUD and USPCS regulations.

**Conference**

41. Given the numerous parties that have made an appearance in this cause, Movants counsel sent notice by email to all the parties counsel asking if they had and objection to Movants Motion or had no position. The following parties counsel stated they had no objection, the city of Mesquite, and the Office of the United States Trustee.. The Debtor's counsel noted that they objected to the Motion. The remaining parties either stated they had no position, i.e. The tax division of the City of Mesquite, Dallas County, Mesquite ISD, and the Texas Comptroller of Public Accounts or did not respond by the time this Motion was filed.

WHEREFORE, the Movants pray that this Court enter an order granting the Movants relief from the automatic stay as specified above, and for such other and further relief as this Court deems proper and just.

Respectfully submitted by,

/s/ Victor L. Hunt
Victor L. Hunt #10289700
Legal Aid of NorthWest Texas
1515 Main Street
Dallas, TX. 75201
(214) 243-2231
Fax (214) 748-1159
E-mail: huntv@lanwt.org
Attorney for the Movants

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing *Motion* was served via U.S. Mail, First Class, with Proper Postage, or ECF where possible, upon the necessary parties listed below:

Served via ECF:

Document Page 13 of 13

Jason B. Binford on behalf of Interested Party Texas Department of Housing and Community Affairs
JASON.BINFORD@OAG.TEXAS.GOV

Asher Matiah Bublick on behalf of U.S. Trustee United States Trustee
asher.bublick@usdoj.gov

Darrell Wayne Cook on behalf of Creditor Cooke Keith & Davis
all@cookkeithdavis.com, all@attorneycook.com

Courtney Jane Hull on behalf of Creditor Texas Comptroller of Public Accounts, Revenue Accounting Division
bk-chull@oag.texas.gov, sherri.simpson@oag.texas.gov

Sherrel K. Knighton on behalf of Creditor City of Mesquite
Sherrel.Knighton@lgbs.com, Dora.Casiano-Perez@lgbs.com;Sean.French@lgbs.com;Dallas.Bankruptcy@lgbs.com

Sherrel K. Knighton on behalf of Creditor Dallas County
Sherrel.Knighton@lgbs.com, Dora.Casiano-Perez@lgbs.com;Sean.French@lgbs.com;Dallas.Bankruptcy@lgbs.com

Joyce W. Lindauer on behalf of Debtor CC Hillcrest, LLC
joyce@joycelindauer.com, dian@joycelindauer.com;12113@notices.nextchapterbk.com

United States Trustee
ustpregion06.da.ecf@usdoj.gov

Robert Yaquinto, Jr. on behalf of Creditor City of Mesquite
ryaquinto@syllp.com

/s/ Victor L. Hunt_____
Victor L. Hunt #10289700
Legal Aid of NorthWest Texas
1515 Main Street
Dallas, TX. 75201
(214) 243-2231
Fax (214) 748-1159
E-mail: huntv@lanwt.org
Attorney for the Movants

13